IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE LAUGHLIN PRODUCTS, INC., | : | MDL Docket No. 1498 |
| PATENT LITIGATION | : | |
| | : | ALL CASES |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STAY

This is an action between Laughlin Products, Inc., the owner of U.S. Patent No. 5,922,333 which claims a method of spray applying sunless tanning solutions onto the human body, Hollywood Tanning Systems, Inc., the manufacturer of the Instant Tan sunless tanning booth, and various users and distributors of the Instant Tan sunless tanning booth. Laughlin Products originally filed complaints against numerous Hollywood Tans franchisees, alleging infringement of the '333 patent. Hollywood Tanning then filed a complaint against Laughlin Products requesting, *inter alia,* a declaration of invalidity of the '333 patent.

All of these complaints have been consolidated in this Court for pre-trial purposes, and on January 31, 2003 the Court issued Pretrial Order No. 1. Thus far the only action in this Court after the Pretrial Order has been Laughlin Product's filing of its First Amended Complaint on February 14, 2003 and the service of initial discovery requests by both parties. In an effort to simplify this litigation, Laughlin Products has filed (in the United States Patent and Trademark Office ("the PTO")) a Request for Reexamination of the '333 patent in view of prior art that was not considered by the PTO during the prosecution of the application that issued as the '333 patent.[1] The purpose of the reexamination is to address the technical question of validity, thereby allowing the PTO to make a determination that will simplify this litigation, facilitate discovery, reduce costs to both parties, and encourage

---

[1] Exhibit A – Laughlin Products' Request for Ex Parte Reexamination.

1

settlement. Therefore, Laughlin Products asks that the Court stay the litigation during the pendancy of the PTO's reexamination of the '333 patent.

**A.     Staying the proceedings during the reexamination of the '333 patent will conserve the Court's and the parties' resources.**

It is within the Court's discretion to decide whether to grant a stay in this case. *See Wayne Automation Corp. v. R.A. Pearson Co.*, 20 U.S.P.Q.2d 1718, 1720 (E.D. Wash. 1991). Laughlin Products' Request for Reexamination was submitted pursuant to 35 U.S.C. §§ 301 – 307, and it is clear from reviewing the legislative history thereof that Congress intended for district courts to liberally apply their discretion in granting stays:

> It is believed by the committee that stay provisions are unnecessary in that such power already resides with the Court to prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure. It is anticipated that these measures provide a useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner.

H.R.Rep. No. 96-1307, pt. 1, at 17 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6460, 6463. Courts consider several factors in exercising their discretion, and those factors all weigh in favor of granting a stay in this case: (1) The PTO is best equipped to make a determination of the validity of the '333 patent in view of recently discovered prior art; (2) The reexamination will very likely simplify the litigation; and (3) This stay is requested at the very earliest stage of the proceedings.

*1.     **The PTO is the best forum for determining the validity of the patent.***

Laughlin Products submitted its Request for Reexamination to the PTO for a reexamination of the '333 patent in view of two prior art references. The two patents, U.S. Patent Nos. 5.460,192 and 5,664,593 (the "McClain patents") are clearly prior art, and

2

neither was known to the patentee nor the PTO examiner during the original examination of the '333 patent. In its Declaratory Judgment action filed against Laughlin Products on July 29, 2002, Hollywood Tanning alleged that the '333 was invalid. Laughlin Products believes that the basis for the invalidity allegation is one or both of the McClain patents, and that therefore a reexamination will resolve the issue of validity.

The PTO is best equipped for making a determination as to the validity of the '333 patent; as the Federal Circuit said, "the PTO's expertise does not exist elsewhere." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). A determination of validity is made in view of prior art, and the process of evaluating the claims and the prior art is what the PTO examiners do every day. Thus, "the PTO is in a better position than the Court to evaluate the validity of the . . . patent in view of the prior art references." *Brown v. Shimano American Corp.*, 18 U.S.P.Q.2d 1496 (C.D. Calif. 1991) (staying the litigation and recognizing the benefit of the PTO's determination as to validity). And because of the PTO's expertise, the eventual resolution of the controversy in this Court will be more secure if it is made subject to the PTO's determination as to validity. *See United Sweetner USA, Inc. v. The Nutrasweet Co.*, 766 F.Supp. 212, 217 (D.Del. 1991) (staying the litigation pending a decision from the Board of Patent Appeals).

    2.    ***Staying the litigation now will likely simplify and reduce the costs of the litigation over the long term.***

This is not a case where Laughlin Products simply receives a tactical advantage if the Court grants a stay at this time. Instead the Court, Hollywood Tanning, and Laughlin Products all stand to gain by an immediate stay of the proceedings. Courts have issued stays for any of the following reasons: (1) to resolve technical claim questions, *see Robert H. Harris Co., Inc. v. Metal Mfg. Co. Inc.*, 19 U.S.P.Q.2d 1786, 1789 (E.D.Ark. 1991); (2) to

3

narrow trial issues, *see United Sweetener*, 766 F.Supp. at 217; and (3) to promote settlement, *see Emhart Indus. Inc. v. Sankyo Seiki Mfg. Co., Ltd.*, 3 U.S.P.Q.2d 1888, 1890 (N.D.Ill. 1987). Narrowing the issues will facilitate discovery and reduce costs to the parties and the Court.

In fact, in the only known case with precedential effect, *Purolite Intern., Ltd. v. Rohm and Haas Co.*, this Court stayed proceedings due in part because a pending reexamination would substantially affect the litigation. 1992 WL 142018, *3 (E.D. Pa. 1992). But that case is distinguishable because the Court also stated that it stayed the case partly because U.S. District Court for the District of Delaware had stayed a related case between the same parties due to the same reexamination. *Id.* Then, after the court in the District of Delaware lifted its stay, this Court followed suit. *See Purolite Intern., Ltd. v. Rohm and Haas Co.*, 1992 WL 220976, *1 (E.D. Pa. 1992). This Court deferred to the Delaware court's reasoning for doing do, which was that the party requesting the stay had stated that it would continue litigation notwithstanding the PTO's decision.[2] *Id.* So again, the case now before the Court is distinguishable and more straight forward. It does not depend on a case in another district court. And Laughlin Products maintains that the PTO's decision will resolve the issue of validity such that it need not be litigated here.

Thus, all of the potential benefits cited by courts above are applicable to this case. The technical claim issue to be resolved by the PTO is the validity of the '333 patent in view of the McClain patents. Invalidity of the '333 patent was alleged by Hollywood Tanning, so a resolution by the PTO as to validity will narrow the issues, and therefore facilitate

---

[2] Apparently the defendant in the Pennsylvania case was the plaintiff in the Delaware case, as well as the patentee. When the PTO rejected some of the patentee's claims on reexamination, the patentee communicated to the Delaware district court that it would go forward with litigation regardless of the final outcome in the PTO.

4

discovery and reduce costs. Finally, a determination by PTO is very likely to encourage a settlement. Whether the determination favors Laughlin Products or Hollywood Tanning, it will likely be favorable enough to stimulate a settlement.

### 3. *The proceedings are in the very earliest stages.*

Because this case has just recently been consolidated in this Court for pre-trial purposes, and Laughlin Products just filed its Amended Complaint on February 14th, the parties have not engaged in expensive discovery or pretrial preparation. Courts have been most willing to stay proceedings in these circumstances. *See Robert H. Harris*, 19 U.S.P.Q.2d at 1789 (staying case where proceedings had been ongoing for a year and a trial date was set for the next month, but where the parties had not engaged in expensive discovery or pretrial preparation); *cf. Implant Innovations, Inc. v. Nobelpharma AB*, 1994 WL 68498 at *304 (N.D.Ill. 1994) (staying case where little discovery had been taken and no substantive motions had been filed); *ASCII Corp. v. STD Entertainment USA Inc.*, 844 F.Supp. 1378, 1381 (N.D. Calif. 1994) ("The parties are in the initial stages of the lawsuit and have undertaken little or no discovery. Moreover, the case has not been set for trial…").

In fact, courts that denied a stay of the proceedings often cited the late stage of litigation as the most compelling reason. *See Enprotech Corp. v. Autotech Corp.*, 15 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 1990) ("Most compelling, however, is the fact that discovery here is almost completed and the case is set for trial."); *cf. Wayne Automation Corp. V. R.A. Pearson Co.*, 782 F.Supp. 516, 519 (E.D. Wash. 1991) ("it would not be fair to allow plaintiff to institute this action, agree to cutoff dates, have defendant conduct expensive discovery and then allow plaintiff to file for reexamination of the patent and stay this action"). In the District of Delaware, the court distinguished a precedential ruling where

the court denied a stay on the basis that the litigation "has advanced very far – through trial, appeal, and remand . . ." *United Sweetener*, 766 F.Supp. at 218 (distinguishing *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 711 F.Supp. 1205 (D.Del. 1989)).

Additionally, the Rules of Practice state that reexamination proceedings "will be conducted with special dispatch within the Office." 37 C.F.R. § 1.550 (a). And further, the Manual of Patent Examining Procedures states that cases involved in litigation will have priority over all other cases. MPEP § 2261.[3] So the reexamination request will not languish endlessly in the PTO; it will be conducted with special dispatch. But as shown above, courts have been willing to stay litigation proceedings even with the knowledge that it will delay the proceedings in the short term. The reason is that allowing the PTO to do its job will conserve judicial economy over the long term. Again, in this case the litigation has just begun. The pleadings are not closed. A stay at this time will not prejudice Hollywood Tanning in any way.

### 4. *Conclusion*

The factors generally used by courts in determining whether to order a stay all favor a stay of these proceedings. The validity of the '333 patent was challenged by Hollywood Tanning in its complaint, and the PTO has the expertise to make a determination that will make any final ruling in this Court more secure. And Laughlin Products has submitted its Request for Reexamination and this Motion before any responsive pleading was filed or substantial discovery could be conducted. Therefore, Laughlin Products respectfully requests that the Court stay all proceedings of this case pending the outcome of the PTO's reexamination.

---

[3] Exhibit B – Manual of Patent Examining Procedure § 2261.

Dated:  February 24, 2003                                          Respectfully submitted,

 

_____
Michael A. O'Neil
TX Bar No. 15285000
Justin B. Kimble
TX Bar No.  24036909
MICHAEL A. O'NEIL, P.C.
5949 Sherry Lane, Suite 820
Dallas, TX 75225
(214) 739-0088
(214) 739-8284 facsimile

Kevin R. Casey
RATNERPRESTIA
Suite 301
One Westlakes, P.O. Box 980
Valley Forge, Pennsylvania
(610) 407-0700
(610) 407-0701 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the \_\_ day of February, 2003 the foregoing Brief in Support of Plaintiff's Motion to Stay was served upon the following via federal express and first class mail.

Jonathan M. Korn
Blank Rome LLP
Woodland Falls Corporate Park
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1164

_____
Michael A. O'Neil