IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE LAUGHLIN PRODUCTS, INC., : MDL Docket No. 1498
PATENT LITIGATION :
  :

**MEMORANDUM**

**Baylson, J.**                                                                    **February 18, 2004**

In this multidistrict patent infringement litigation, the Plaintiff, Laughlin Products, Inc., claims infringement of its patent for tanning technology by Defendant Hollywood Tanning Systems, Inc. ("HTS"), and related entities, including numerous franchisees and distributors, which either manufacture or use the alleged infringing equipment.

As noted in the Court's prior Memorandum, In re Laughlin Prods., Inc., Patent Litig., 265 F. Supp. 2d 525 (E.D. Pa. 2003), Plaintiff sought reexamination of its own patent by the Patent and Trademark Office ("PTO"), and in response to Plaintiff's Motion to Stay this litigation pending the reexamination by the PTO, the Court entered an Order dated May 28, 2003 granting Plaintiff's Motion to Stay in part, but allowed discovery to proceed on certain aspects of the case. The Court has had several telephone status conferences since that date, and held a pretrial conference and argument on January 30, 2004.

Among the matters discussed at the pretrial conference was Defendants' renewed Motion to Dismiss the litigation, Plaintiff's Motion to Compel Discovery, and Plaintiff's Motion to Amend the Complaint. Also discussed at the conference was the status of the reexamination pending before the PTO, and the Court solicited views of counsel as to when it might be likely that the PTO would complete its reexamination. Neither counsel was able to make any firm predictions on this point, but both anticipated that it was likely, but not definite, that a decision

by the PTO would be forthcoming in April 2004. However, Plaintiff indicated that it might want to appeal any adverse findings by the PTO and may request the stay to continue pending such appeal.

The Court also inquired as to the extent and status of discovery that had been taken to date, and learned that although there has been exchange of documents, none of the depositions allowed by the Court had been taken.

I.      **Defendants' Motion to Dismiss**

The basic thrust of Defendants' Motion to Dismiss is similar to the Defendants' Motion to Dismiss which the Court denied in the Memorandum (see pp. 13-19) and Order of May 28, 2003. Essentially, Defendants assert that Plaintiff should not be allowed to maintain this litigation against Defendants while Plaintiff is seeking PTO reexamination of its own patent before the PTO. Defendants imply that Plaintiff started and/or is maintaining this litigation as a strategic device to put a cloud over the Defendants' operations, and at the same time, looking for protection of its patent rights before the PTO.

Defendants complain that the stay of discovery previously entered by the Court prevents Defendants from aggressively pursuing discovery on the infringement claim, and getting a ruling from this Court, either through a dispositive motion or a prompt trial, that Defendants do not infringe on Plaintiff's patent.

Neither party has presented the Court with any newer or different authorities than those discussed in the Court's prior Memorandum on this issue. Once again, the Court concludes that it would be inappropriate to grant the Motion to Dismiss.

Dismissing all of the cases now before this Court, pursuant to transfer orders from the Judicial Panel of Multidistrict Litigation ("MDL Panel"), would be draconian. In the event that the PTO concludes its reexamination in a manner that would allow Plaintiff to maintain its infringement suits, it would be forced to re-file them throughout the United States, would require numerous courts to review pleadings, forward them once again to the MDL Panel, require that body to reassess the situation that it has already reviewed before transferring the cases to this Court, and would then require new and probably duplicative filings of pleadings before this Court. This would be a monumental amount of paper shuffling in derogation of judicial efficiency. As the Court noted at the hearing and in its prior Memorandum, no one likes to be sued, but Plaintiff's claims of infringement are not frivolous, Congress has provided for the PTO reexamination process, and stays of litigation are not unusual, particularly in this context, as reviewed in this Court's prior Memorandum, pp. 4-19.

It is important to note that the Court did not issue a total stay of discovery, but in fact only a modified stay, and specifically allowed some depositions to proceed, which have not yet taken place.

Although Defendants ask, alternatively, to allow discovery to proceed at full pace at this time, the Court is not prepared to issue such an order at this time in view of the comments at the pretrial hearing that both counsel anticipate some action by the PTO during the month of April 2004. The practical aspects of bringing this case to conclusion are to be respected. This Court cannot close discovery while the PTO proceedings are pending because the PTO's findings may warrant further discovery. Certainly, the Court cannot entertain dispositive motions while the PTO proceedings are pending, because the findings of the PTO may be relevant on the pursuit or

defense of dispositive motions. The Court can also not have a <u>Markman</u> hearing until the PTO has concluded its review, because its views as to the legal status of the Plaintiff's claim is statutorily entitled to weight. <u>See</u> May 28, 2003 Memorandum, pp. 4-7.

With all of these factors in mind, including the well-articulated plight of the Defendants, sincere but nonetheless undocumented in the record, about the disadvantages of being faced with this litigation, but having their "hands tied" in defending against it, the Court will continue the same stay of discovery until the end of April 2004. At that time the Court will have a telephonic conference with counsel as to the status of the PTO proceedings, and unless there is some dramatic change in the situation, the Court intends at that time, whether or not there is a PTO finding, to allow fact discovery to proceed until September 17, 2004.[1] In early September 2004, the Court will hold another status conference to schedule further proceedings in these cases.

## II.     Plaintiff's Motion to Amend Complaint

Another issue is whether this Court should grant Plaintiff leave to file a Second Amended Complaint. Plaintiff's Complaint currently alleges infringement only of one of its patents, U.S. Patent No. 5,922,333 ("the '333 patent"). Plaintiff seeks to amend its Complaint to allege infringement of a second patent held by the company, U.S. Patent No. 6,298,862 ("the '862

---

[1] At the hearing the Court inquired as to whether counsel would be comfortable conveying the Court's inquiry to the PTO to determine whether the PTO would advise when it would complete its reexamination, and also in requesting the PTO, if possible, to accelerate its review so that the Court and parties would know when discovery could be completed in this litigation. At no time did the Court consider directly communicating with the PTO. Whether either counsel wishes to communicate with the PTO, with or without any reference to the Court's comments at the hearing or in this Memorandum, is totally within the discretion of each individual party. The Court considers of no relevance whether a party does or does not communicate with the PTO on this point.

patent"). For the reasons which follow, Plaintiff will be granted leave to file a Second Amended Complaint.

Under the Federal Rules of Civil Procedure, as Defendants have served their response to Plaintiff's amended complaint, Plaintiff may not file a second amended complaint except upon leave of court or upon the consent of the defendants. FED. R. CIV. P. 15(a). Defendants have not consented, and Plaintiff has no alternative but to move for leave to file. The Rules provide that "leave [to file] shall be freely given when justice so requires." Id.; see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000) ("The Federal Rules of Civil Procedure express a preference for liberally granting leave to amend."). The Supreme Court has enumerated certain circumstances under which leave to file an amendment may be denied:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

### A.   Analysis

This Court concludes that the relevant factors weigh in favor of granting Plaintiff leave to file its Second Amended Complaint. First, there has been no undue delay in the presentation of the Motion. While eighteen months have passed since Plaintiff's first Complaint and ten months from its First Amended Complaint, the passage of time itself is not dispositive. E.g., Cureton v. Nat'l Collegiate Athletic Ass'n, No. CIV.A.97-131, 2000 U.S. Dist. LEXIS 4790, at *7 (E.D. Pa. Apr. 13, 2000). The minimal progression of the litigation and Plaintiff's offered explanation for

its delay – i.e., the issuance of a third patent to HTS (U.S. Patent No. 6,554,208; "the '208 patent") and LPI's other patent litigation – lead this Court to conclude that there has been no undue delay in Plaintiff's filing of the instant motion. See Doltz v. Harris & Assoc., 280 F. Supp. 2d 377, 392 (E.D. Pa. 2003) (Baylson, J.) (finding that an eighteen-month delay between the initiation of litigation and a motion for leave to file an amended complaint did not constitute undue delay). Plaintiff's explanation also convinces the Court that its Motion is not being brought in bad faith or with dilatory motive. When Plaintiff brought its original claims, which alleged infringements only of the '333 patent, the '208 patent had not been issued to HTS and Plaintiff had not analyzed its '862 patent in the context of other litigation. The timing of Plaintiff's Motion for leave to amend is largely dictated by these developments and not by bad faith or dilatory motive.

    Plaintiff has already once amended its Complaint shortly after the cases were consolidated, but it cannot be said that Plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed. The purpose of Plaintiff's earlier amendment was to consolidate all of the proper parties in the same Complaint, whereas this second amendment would assert infringement claims for a second of Plaintiff's patents. Nor will this Court deny Plaintiff's motion on the grounds of futility. "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). This Court may properly deny Plaintiff's Motion if its proposed amendment would not withstand a motion to dismiss. Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Defendants' contentions with regard thereto should be addressed in a Rule 12(b)(6) motion fully briefed by the parties.

Defendants claim that their interests, particularly their professional interests, would be unduly prejudiced by any prolongation of the litigation. While Defendants' counsel eloquently recounted during oral argument his clients' difficulties in attracting new business due to the stigma of litigation, every defendant to a civil action naturally suffers some resultant prejudice, whether personally or professionally, by virtue of his involvement in litigation. Defendants have not convinced the Court that prejudice peculiar to them and beyond the pale – whether professionally, personally, or in terms of this litigation – would befall Defendants should this Court grant Plaintiff's Motion.

Lastly, and most compelling in this Court's estimation, even should this Court deny Plaintiff's motion, nothing could prevent Plaintiff from filing a separate complaint in another jurisdiction that would make the very same allegations that comprise its amendment to the complaint; Plaintiff's counsel acknowledged during oral argument that Plaintiff would indeed file such a separate complaint elsewhere, should this Court deny his client's Motion. Moreover, it is highly likely that Plaintiff's separate complaint, once filed before another court, would be transferred here by the MDL Panel for consolidation. Given this inevitability, which counsel for Defendants conceded, it would be pointless to deny Plaintiff's Motion considering that the contents of the amendment undoubtedly will come before this Court.

### III.     Plaintiff's Motion to Compel

Plaintiff also filed a Motion to Compel, and the Court heard argument on the motion on January 30, 2004. Summarizing the Court's rulings at the hearing, the Court believes that discovery as to damages should be stayed, but that Defendants should prepare full and complete

responses to Plaintiff's Request for Documents 1, 2 and 3, and as for the reasons stated at the hearing, pp. 40-53, the Court will grant Plaintiff's Motion to Compel as to these requests.

As to the other parts of the motion, the Court understands that the parties have resolved them.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE LAUGHLIN PRODUCTS, INC., PATENT LITIGATION | : : : | MDL Docket No. 1498 |

## ORDER

AND NOW, this 18th day of February, 2004, following a pretrial conference on January 30, 2004, and for the reasons stated in the foregoing Memorandum, in addition to rulings at that conference, the Court rules on the pending motions as follows:

    A.    Defendants' Motion to Dismiss (Docket No. 32) is DENIED.

    B.    Plaintiff's Motion to Compel (Docket No. 31) is GRANTED in part and DENIED in part.

    C.    Plaintiff's Motion for Leave to File Second Amended Complaint (Docket No. 34) is GRANTED.

    D.    The stay imposed by the Court's Order of May 28, 2003 shall be extended to April 30, 2004. A pretrial conference will be held (by telephone) on April 23, 2004 at 4:30 p.m. Plaintiff's counsel shall initiate the call and call chambers when all parties are on the line.

                                        **BY THE COURT:**

                                        _____

                                        **MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL\MDL 1498 Laughlin\Laughlin Products MDL 1498 Memo 2-17-04.wpd