IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Laughlin Products, Inc. Patent Litigation | MDL Docket No. 1498 <br><br> ALL CASES |

## O R D E R

AND NOW, this _____ day of _____, 2004, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery on Willfulness is **GRANTED**.

Defendants shall not be required to respond to any discovery regarding willfulness or elect whether to rely on the advice of counsel in defending Plaintiff's willful patent infringement claim until otherwise ordered by the Court.

_____
The Honorable Michael M. Baylson
United States District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| In re: Laughlin Products, Inc. Patent Litigation | MDL Docket No. 1498 |
|---|---|
| | ALL CASES |

### DEFENDANTS' MOTION TO STAY DISCOVERY ON WILLFULNESS

Defendants, by their attorneys, Morgan, Lewis & Bockius LLP, hereby move to stay discovery on the issue of willfulness pursuant to Federal Rule of Civil Procedure 26. In support of their motion, Defendants incorporate the attached memorandum of law.

DATED: May 17, 2004

Paul D. Weller I.D. No. 61175
J. Kevin Fee I.D. No. 81715
Deborah Prisinzano Mikkelsen I.D. No. 89326
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Laughlin Products, Inc. Patent Litigation | MDL Docket No. 1498 |
| | ALL CASES |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY ON WILLFULNESS

### FACTUAL BACKGROUND

Plaintiff Laughlin Products, Inc. ("Plaintiff") has filed a series of patent infringement cases against Hollywood Tanning Systems, Inc. ("HTS") and its franchisees, resellers and customers (collectively "Defendants") alleging that Defendants willfully infringed U.S. Patent Nos. 5,922,333 (the "'333 patent") and 6,298,862 (the "'862 patent") (collectively referred to as the "patents-in-suit").

After HTS became aware of the patents-in-suit, it sought an opinion of counsel regarding the patents-in-suit and engaged in certain privileged communications with its counsel regarding the patents-in-suit. A copy of a written opinion of counsel to HTS regarding the patents-in-suit addressed to HTS is submitted to the Court for review in camera, under separate cover. Because the analysis undertaken by HTS and its counsel was not intended to identify a comprehensive list of defenses to infringement of the patents-in-suit and was only intended to address the threshold issue of whether HTS had at least one valid defense to infringement of each claim of the patents-in-suit, the opinion did not address all of the defenses available to Defendants in this litigation. Under these circumstances, disclosure of HTS's privileged communications during the infringement portion of the trial will unfairly prejudice Defendants on the issue of infringement because this information could be misconstrued as indicating that

certain of Defendants' noninfringement arguments are not credible despite the fact that the privileged communications are only relevant to willfulness and not infringement.

Ordinarily, under these circumstances, it may be appropriate to bifurcate discovery and trial on willfulness. However, the United States Court of Appeals for the Federal Circuit is currently considering en banc its decisions regarding the relationship between the advice of counsel and willfulness, such that HTS may not be forced to either waive the attorney-client privilege and work product doctrine or risk a finding of willful infringement. Accordingly, Defendants respectfully requests that the Court stay discovery on willfulness at least until the Federal Circuit issues its en banc decision on these issues.

## ARGUMENT

Rule 26(c) provides the Court with the authority to limit the scope and timing of discovery. It provides that the Court may make any order which justice requires with respect to discovery, including ordering that "that the disclosure or discovery may be had only on specified terms and conditions, including designation of the time or place." Fed. R. Civ. P. 26(c)(2) (emphasis added).

Relying on their authority to limit the timing of discovery, courts frequently delay discovery with respect to willfulness in order to avoid unfair prejudice to defendants accused of willful patent infringement. In Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643-44 (Fed. Cir. 1991), the Federal Circuit addressed the dilemma frequently faced by defendants accused of willful patent infringement as follows:

> Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between

> waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts thus should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court in camera, reveal that the defendant is indeed confronted with this dilemma.

Id. The dilemma faced by a defendant accused of willful patent infringement of either waiving the attorney-client privilege or risking a finding of willful infringement as described in the Quantum case is frequently referred to as the "Quantum dilemma."

In the present case, HTS is faced with a Quantum dilemma. As mentioned above, the analysis undertaken by HTS and its counsel was only intended to address the threshold issue of whether HTS had a viable defense against a claim of infringement of the patents-in-suit, and, therefore, only required the identification of a single defense for each claim. The analysis was not intended to identify a comprehensive list of all of the defenses to claims of infringement, and the privileged communications between HTS and its counsel did not address all of the defenses that Defendants intend to raise in this litigation. Under these circumstances, disclosure of HTS' privileged communications during the infringement portion of the trial will unduly prejudice Defendants on the issue of infringement because the absence of certain noninfringement positions in the privileged communications could be misconstrued as indicating that those argumente noninfringement arguments that are not identified in the privileged communications are somehow weaker arguments or otherwise are not credible even though this evidence is only relevant to willfulness. Therefore, if HTS is forced to decide at this time whether to waive the attorney-client privilege or rely on the advice of counsel in defending the willful infringement claim, HTS will face the Quantum dilemma. That is, Defendants will be forced to either forgo a

reliance on counsel defense to the willful infringement claim or be unfairly prejudiced by the privileged communications in the liability phase of the trial.

In order to alleviate the Quantum dilemma, the Court should stay discovery on willfulness. A stay is appropriate because the Federal Circuit has decided to reconsider en banc its precedent "concerning the drawing of adverse inferences, with respect to willful patent infringement, based on the actions of the party charged with infringement in obtaining legal advice, and withholding that advice from discovery." Knorr-Bremse Systeme Fuer Nutzhahrzeuge GmbH v. Dana Corp., 344 F.3d 1336, 1336 (Fed. Cir. 2003).

The Federal Circuit in Knorr-Bremse will address two issues that are likely to affect the Quantum dilemma: "1. When the attorney-client privilege and/or work product privilege is invoked by a defendant in an infringement suit, is it appropriate for the trier of fact to draw an adverse inference with respect to willful infringement?. . . 4. Should the existence of a substantial defense to infringement be sufficient to defeat liability for willful infringement even if no legal advice has been secured?" Id. at 1336-37. Oral argument in the Knorr-Bremse case was held on February 5, 2004. See Notice of Calendaring dated November 13, 2003 Knorr-Bremse Systeme Fuer Nutzhahrzeuge GmbH v. Dana Corp., Civil Action No. 01-1357 (Fed. Cir.), Docket Entry 46.

In the event either of these two issues are answered by the Federal Circuit in the affirmative, then the dilemma faced by a defendant accused of willful infringement will be substantially altered, if not eliminated. If the Federal Circuit decides that it is inappropriate for a trier of fact to draw an adverse inference with respect to willful infringement based on a defendant's decision to invoke privilege, then HTS will be able to invoke privilege without severely impacting Defendants' ability to defend the willfulness charge. Similarly, if the

existence of a substantial defense to infringement is sufficient to defeat a willful infringement claim, then Defendants will be able to mount a strong defense to willful infringement without waiving privilege.

Because it is unclear what the impact, if any, a decision to refuse to waive the attorney-client privilege will have on Defendants' ability to defend the willful infringement claim in light of the Federal Circuit's decision to consider en banc its precedent "concerning the drawing of adverse inferences, with respect to willful patent infringement, based on the actions of the party charged with infringement in obtaining legal advice, and withholding that advice from discovery," Knorr-Bremse, 344 F.3d at 1336, HTS should not be required to elect whether it will rely on the advice of counsel in defense to Plaintiff's willful infringement claim at this time. Discovery on willfulness should be stayed to enable HTS to make a fully informed decision regarding the waiver of the attorney-client privilege after the Federal Circuit clarifies the law regarding willful patent infringement.

## CONCLUSION

Accordingly, Defendants respectfully requests that the Court stay discovery and trial on the issue of willfulness pending the en banc decision of the United States Court of Appeals for the Federal Circuit in Knorr-Bremse.

DATED: May 17, 2004

Paul D. Weller I.D. No. 61175
J. Kevin Fee I.D. No. 81715
Deborah Prisinzano Mikkelsen I.D. No. 89326
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Laughlin Products, Inc. Patent Litigation | MDL Docket No. 1498 |
| | ALL CASES |

### CERTIFICATE OF GOOD FAITH EFFORT

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule of Civil Procedure 26.1(f), I certify that on May 14, 2004, I sent an email to Justin B. Kimble, counsel for Plaintiff, requesting his consent to staying discovery on willfulness as requested in the Motion to Stay Discovery on Willfulness in a good faith effort to resolve this dispute. Mr. Kimble responding by refusing to consent to such a stay. On May 17, 2004, I spoke to Mr. Kimble and raised this issue with him again, but I still was unable to reach an agreement with Mr. Kimble regarding a stay. On May 17, 2004, I spoke with George Moustakas, counsel for Magic Tans, LLC, who agrees that discovery on willfulness should be stayed. On May 17, 2004, I also tried to contact Peter Boyer, counsel for Alan Taylor Communications, Inc. but was informed that he was in trial and unavailable.

DATED: May 17, 2004

_____
J. Kevin Fee

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a copy of Defendants' Motion to Stay Discovery on Willfulness, the Memorandum of Law in Support of Defendants' Motion to Stay Discovery on Willfulness, Certificate of Good Faith Effort and a Proposed Order to be filed electronically and are available for viewing and downloading from the Electronic Case Filing System, for the following counsel who have consented to electronic service:

> Michael A. O'Neil
> Kevin Nash
> Justin Kimble
> MICHAEL A. O'NEIL, P.C.
> 5949 Sherry Lane
> Suite 820
> Dallas, TX 75225
>
> Kevin R. Casey
> RATNER PRESTIA
> Suite 301
> One Westlakes, P.O. Box 980
> Valley Forge, PA 19482

I hereby certify that on this date, I caused a copy of Defendants' Motion to Stay Discovery on Willfulness, the Memorandum of Law in Support of Defendants' Motion to Stay Discovery on Willfulness, Certificate of Good Faith Effort and a Proposed Order to be served upon the following counsel in the following manner:

**VIA OVERNIGHT COURIER**

> Peter J. Boyer
> MCCARTER & ENGLISH, LLP
> Mellon Bank Center
> 1735 Market Street, Suite 700
> Philadelphia, PA 19103

George D. Moustakas
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive
Troy, MI 48098

DATED: May 17, 2004

*Deborah Prisinzano Mikkelsen*
Deborah Prisinzano Mikkelsen