IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE LAUGHLIN PRODUCTS, INC., PATENT LITIGATION | MDL Docket No. 1498<br><br>ALL CASES<br><br>Judge Michael M. Baylson |

**BRIEF IN RESPONSE TO DEFENDANTS' MOTION
TO STAY DISCOVERY ON WILLFULNESS**

The defendants have moved to stay all discovery by the plaintiff, Laughlin Products, Inc. ("LPI"), on the issue of willfulness. The defendants offer two reasons to support their motion. First, they purport to be presented with a "Quantum dilemma" between (a) asserting the attorney-client privilege, which justifies withholding from discovery only their privileged opinion of counsel, weakening their defense against the charge of willfulness but avoiding prejudice on the question of liability; and (b) disclosing the opinion, which may decrease the risk of a willfulness finding but somehow may prejudice their liability case. Second, the U.S. Court of Appeals for the Federal Circuit, which has exclusive jurisdiction over all appeals from final decisions of district courts involving patent infringement claims pursuant to 28 U.S.C. § 1295(a), may change the law should it decide *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 344 F.3d 1336 (Fed Cir. 2003). Neither reason warrants any stay of discovery in this case, and certainly not an over-inclusive stay of <u>all</u> discovery on willfulness.

1

A.	There Is No "Quantum Dilemma" In This Case

The Federal Circuit has indeed recognized the Hobson's choice which may face a defendant charged with willful infringement. *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991). A defendant faces that choice, however, if and only if the privileged documents which might bolster its willfulness defense also contain its trial plans. The prejudice alleged by the defendants in this case might arise from disclosure of the privileged documents at trial, rather than during discovery, and, therefore, the defendants do not face any difficult choice at this time.

The Hobson's choice only arises when disclosure of the defendant's privileged communications would prejudice the defendant on the issue of liability. *Quantum Corp.* 940 F.2d at 644. Such prejudice arises when the communications would reveal the defendant's trial plans. *See, e.g., Kos Pharmaceuticals, Inc. v. Barr Laboratories, Inc.*, 218 F.R.D. 387, 389 (S.D.N.Y. 2003) ("The harm that Barr asserts derives from the fact that the documents, some comprising attorney's work product, contain highly privileged legal analysis, strategies and theories that would reveal aspects of Barr's trial plans.").

The defendants in this case state that they obtained a written opinion of counsel regarding the patents-in-suit and engaged in certain privileged communications with counsel regarding those patents. They concede, however, that "the analysis undertaken by HTS and its counsel was not intended to identify a comprehensive list of defenses to infringement of the patents-in-suit and was only intended to address the threshold issue of whether HTS had at least one valid defense to infringement of each claim of the patents-in-suit, the opinion did not address all of the defenses available to Defendants in this litigation." Memorandum

of Law in Support of Defendants' Motion to Stay Discovery on Willfulness at 1 (emphasis added) (hereinafter "Defendants' Memorandum"). *See also id.* at 3 ("The analysis was not intended to identify a comprehensive list of all of the defenses to claims of infringement, and the privileged communications between HTS and its counsel did not address all of the defenses that Defendants intend to raise in this litigation.").

In this case, the defendants themselves advise that their communications do not reveal their trial plans; rather, the communications simply state one valid defense to infringement of each claim of the patents-in-suit. Given the parties' previously stated positions and the related U.S. Patent and Trademark Office proceedings, it is not hard to imagine what the defendants' defense might be. Regardless, the risk of prejudice to the defendants' liability case, which the Federal Circuit acknowledges might raise a difficult choice for some defendants, is lacking in this case. Absent the "Quantum dilemma," absolutely no stay of discovery on the issue of willfulness is required.

As highlighted above, the defendants do not assert that discovery of their privileged communications would cause prejudice by revealing their trial plans. Rather, they assert prejudice because the opinion "could be misconstrued . . . during the infringement portion of the trial" by the judge or jury given the incomplete nature of the opinion. Defendants' Memorandum at 1, 3 (emphasis added). Thus, the defendants do not assert any prejudice that might befall them now should they disclose their opinion of counsel, and any risk of prejudice that might be alleged at trial could be addressed in the future by a timely motion in limine to prevent disclosure of the legal opinion at trial.

3

B.   **The Federal Circuit's <u>Knorr-Bremse</u> Case Is Of Little Import To A Stay**

The defendants seek to stay discovery "at least" until the Federal Circuit decides the <u>Knorr-Bremse</u> case (and, as discussed below, presumably until after a trial on liability is completed). For at least two reasons, LPI sees no merit in tying a stay in this case to the Federal Circuit's decision. The first, and more substantive, reason is that the Federal Circuit's decision is unlikely to eliminate the "<u>Quantum</u> dilemma." The appellate court will address four questions:

> (1)   When the attorney-client privilege and/or work product privilege is invoked by a defendant in an infringement suit, is it appropriate for the trier of fact to draw an adverse inference with respect to willful infringement?
> (2)   When the defendant has not obtained legal advice, is it appropriate to draw an adverse inference with respect to willful infringement?
> (3)   If the Court concludes that the law should be changed, and the adverse inference withdrawn is applied to this case, what are the consequences for this case?
> (4)   Should the existence of a substantial defense of infringement be sufficient to defeat liability for willful infringement even if no legal advice has been secured?

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH*, 344 F.3d at 1336-37.

Clearly, answers to the second (because the defendants apparently have obtained legal advice) and third (because it addresses the consequences in that particular case) questions are irrelevant to this case. Assume that the Federal Circuit answers both the first and fourth questions most favorably to a defendant: no adverse inference arises when a defendant invokes the privilege, and a substantial defense of infringement may be sufficient to defeat liability for willful infringement even if no legal advice has been secured. The tactical question posed by the "<u>Quantum</u> dilemma" still remains, namely, should the

4

defendant disclose the privileged opinion? It would only be the most confident and risk-tolerant defendant, indeed, who would withhold evidence (the privileged opinion) helpful to its defense even if no adverse inference arises and other evidence <u>might</u> be sufficient to defeat liability.

Second, no one can predict whether the appellate court will change the law at all, or when the decision will issue, or what further delay might incur should a--likely--petition for certiorari to the U.S. Supreme Court be filed. Given these uncertainties and the substantive point made above, LPI asks the rhetorical question: What merit exists in tying discovery on the issue of willfulness in this case to the Federal Circuit's decision?

C.   **A Complete Stay Is Draconian, Unnecessary, and Unwarranted**

Companies like the defendants, who are aware of another's patent but fail to exercise caution in determining whether their actions infringe the patent, risk being found willful infringers. *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1583 (Fed. Cir. 1996), *cert. denied*, 519 U.S. 911 (1996). Willful infringement is a question of fact determined from the "totality of the surrounding circumstances." *Ortho Pharmaceutical Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992). "There are no hard and fast rules regarding a finding of willfulness." *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 792 (Fed. Cir. 1995). Any fact relevant to whether the infringer had a good faith belief that its actions or products were non-infringing should be considered. *Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1580 (Fed. Cir. 1992).

*1.    An Opinion of Counsel Is Just One Factor in Determining Willfulness*

Although certainly relevant to the issue of willfulness, the fact that the defendant may have obtained advice of counsel is not the only consideration. *Minnesota Mining & Mfg. Co.*, 976 F.2d at 1580. Even a complete failure to obtain legal advice is not determinative and constitutes only one factor in the willfulness determination. *Id.* Conversely, that an opinion was obtained does not always and alone dictate a finding that the infringement was not willful. *Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1084 n.13 (Fed. Cir. 1987). The Federal Circuit has identified the following as factors relevant to a finding of willfulness:

   1.    intentionally copying another's patented method or product, *In Re Hayes Microcomputer Prods., Inc. Patent Litigation*, 982 F.2d 1527, 1543 (Fed. Cir. 1992);
   2.    the closeness of the case, *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992);
   3.    commercial factors such as the defendant's size and financial condition that may have affected its actions, *Read Corp.*, 970 F.2d at 827;
   4.    the defendant's motivation, *Read Corp.*, 970 F.2d at 827;
   5.    failing to determine "the scope of the patent to form a good-faith belief that it was invalid or not infringed," *In Re Hayes Microcomputer Prods., Inc. Patent Litigation*, 982 F.2d at 1543;
   6.    attempts to conceal the infringement, *Read Corp.*, 970 F.2d at 827;
   7.    behavior during the infringement litigation, including the presentation of an unsupported, frivolous defense to the charge of infringement, *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990);
   8.    failure to obtain competent legal advice, *Read Corp.*, 970 F.2d at 827;
   9.    using a legal opinion as a "protective device" or as a "shield," rather than as a "genuine basis for decision-making," *In Re Hayes Microcomputer Prods., Inc. Patent Litigation*, 982 F.2d at 1543;
   10.   independent invention or a reasonable, good faith attempt to "design around" another's patent, *American Medical Sys. v. Medical Eng'g*

6

*Corp.*, 6 F.3d 1523, 1531 (Fed. Cir. 1993), *cert. denied,* 511 U.S. 1070 (1994);

    11.    unreasonably relying on an incompetent and conclusory oral or written patent validity opinion, *American Med. Sys.*, 6 F.3d at 1531;

    12.    continuing the production and sale of infringing products after being notified of the patent and after the filing of a patent infringement lawsuit or, in contrast, remedial action such as voluntary cessation of infringement during the pendency of litigation, *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1581 (Fed. Cir. 1992);

    13.    the rejection of a license offer "out of hand," *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1238 (Fed. Cir. 1985);

    14.    the duration of the infringing conduct, *Read Corp.*, 970 F.2d at 827; and

    15.    failing to obtain a legal opinion on validity and non-infringement at or near the time an infringement lawsuit is filed, *National Presto Indus. v. West Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996).

An evaluation of willfulness is <u>not</u> limited even to these factors uncovered by research into the Federal Circuit cases. <u>Any</u> factor relating to whether the infringer had a good faith basis for believing that the patent was invalid, or that its actions were non-infringing, is relevant to defending a claim of willful infringement. *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1569 (Fed. Cir. 1996).

In view of the "totality of the circumstances" relevant to the issue of willfulness, it would be draconian to stay all discovery related to the issue when the less-intrusive option exists of staying discovery only on the single factor of disclosing the opinion of counsel and related communications. There is simply no need to stay discovery on the entire issue of willfulness; such a stay would allow the proverbial "tail" of discovery relating to the opinion to wag the "dog" of discovery on willfulness. Noteworthy is that discovery peripheral to the opinion of counsel might uncover evidence that the opinion itself is not privileged at all if, for example, the opinion has been disclosed to a third party.

### 2. *A Complete Stay Is Unnecessary*

The over-inclusive nature of a stay on all discovery related to willfulness to protect a privileged opinion is highlighted by the fact that, as a practical matter, the defendants do not need a stay at all. The defendants may be entitled to claim privilege in their written opinion of counsel and, if so, there will be no discovery with respect to the opinion and related communications. At some point, later during discovery, the defendants may decide to waive their asserted privilege and disclose the opinion. No one is forcing the defendants "to decide at this time whether to waive the attorney-client privilege or rely on the advice of counsel in defending the willful infringement claim," as the defendants assert. Defendants' Memorandum at 3. Therefore, there is no need to stay discovery with respect to the one willfulness factor or the defendants' alleged reliance on opinion of counsel.

### C. A Stay Discounts The Overlap Between Willfulness Factors & Liability Issues

By their motion to stay discovery, and although they have not expressly sought such an order at this time, the defendants are really seeking a bifurcation of the ultimate trial between the issues of liability and willfulness. *See* Defendants' Memorandum at 1 ("disclosure of HTS's privileged communications <u>during</u> the infringement portion of the <u>trial</u> will unfairly prejudice Defendants on the issue of infringement"), 2 ("it may be appropriate to <u>bifurcate</u> discovery and <u>trial</u> on willfulness"), and 3 ("disclosure of HTS's privileged communications <u>during</u> the infringement portion of the <u>trial</u> will unduly prejudice Defendants on the issue of infringement") (emphasis added). The issue of staying discovery is separate, however, from the issue of bifurcating liability and willfulness at trial. The former must be addressed now; the latter, much later.

The defendants contend, without case citation, that "courts frequently delay discovery with respect to willfulness." Defendants' Memorandum at 2. Research does not support this contention. Relatively few reported cases address requests to stay discovery with respect to willfulness, and those often permit discovery. *See, e.g., Kos Pharmaceuticals, Inc.*, 218 F.R.D. at 395 (ordering discovery to proceed on all issues related to willfulness except the defendant's counsel's opinions); *Mushroom Assoc. v. Monterey Mushrooms, Inc.*, 24 USPQ2d (BNA) 1767, 1770 (N.D. Calif. 1992) (ordering disclosure during discovery, not only of the advice of counsel opinion, but of all documents relating to patent infringement when the advice of counsel is claimed as a defense, and stating, "Clearly, the party claiming the advice of counsel has a tough choice: claim the [advice of counsel] defense or claim the attorney-client privilege. However, tough choices are usually only disfavored when the choice is between constitutional rights. Because no constitutional rights are at stake, the defendants must live with their decision to claim the advice of counsel as a defense.").

A more accurate statement is that courts sometimes choose to bifurcate patent infringement actions into separate trials for liability and willfulness. This discretionary decision was well characterized recently by the U.S. District Court for the Southern District of New York:

> This case presents a recurring debate uniquely pervasive in patent litigation. In countless reported cases, time after time the controversy features, as if in a familiar script from a set piece, defendants presenting the same arguments in favor of their requests for a bifurcation of the action into separate trials for liability and willfulness and/or damages, while plaintiffs predictably counter with their own customary reasoning against, each side propounding in turn why a trial so divided would or would not produce incalculable prejudice, inconveniences, delays, increased costs and untold

other impositions and inefficiencies. In addressing these disputes, the courts have been no less divided; the reported rulings often mirror the divergence in the respective contentions advanced by the parties. The case at bar is no exception.

*Kos Pharmaceuticals, Inc.*, 218 F.R.D. at 389.

There are a number of reasons why courts hesitate to bifurcate trials. First, there is the overriding fact that bifurcation "in patent cases, as in others, is the exception, not the rule." *See, e.g., Kos Pharmaceuticals, Inc.*, 218 F.R.D. at 391 (citing cases). Such hesitation becomes reluctance when, as in this case, it is uncertain whether the defendant faces the "Quantum" dilemma. *See, e.g., Aptargroup, Inc. v. Owens-Illinois, Inc.*, 2003 U.S. Dist. LEXIS 11475, *2 (N.D. Ill. 2003) ("The district courts are reluctant to bifurcate . . . if it is uncertain that the party faces the 'Quantum dilemma'"). Such reluctance becomes downright disfavor when, as in this case, a jury has been requested. *See, e.g.*, J. Pegram, "The Willful Patent Infringement Dilemma & the 7th Amendment," 86 J. Pat. & Trademark Off. Soc'y 271, 271 (April 2004) ("Judging from published opinions and the author's experience, orders providing for separate trial of willfulness are infrequent due to the complication of separate trials when a jury is involved and because of the need under current Federal Circuit precedent for a jury trial of willfulness if a jury trial is requested.").

Perhaps the most important consideration causing courts to decline bifurcation is "that evidence of willful infringement is integrally related to issues concerning liability and that the two determinations cannot be facilely disentangled from one another." *See, e.g., Kos Pharmaceuticals, Inc.*, 218 F.R.D. at 392 (citing cases). *See also id.* at 393 ("questions regarding infringement and willfulness cannot always be neatly disaggregated into distinct evidentiary foundations grounded on entirely different witnesses and documents");

*Mushroom Assoc.*, 24 USPQ2d (BNA) at 1770 ("It is difficult to perceive the distinction between documents pertaining to infringement and documents pertaining to willful infringement."). Apparently, the defendants see no overlap of the liability and willfulness issues in this case, at least with respect to the attorney opinion itself: "the privileged communications are only relevant to willfulness and not infringement." Defendants' Memorandum at 2. LPI disagrees. To the extent that any aspect of the opinion is unfavorable to the defendants, the opinion will help LPI's case on liability (perhaps as a party admission).

Also important is that evidence relevant to all of the other (i.e., non-attorney opinion) willfulness factors may be relevant to the issues of liability (e.g., infringement and patent validity). For example, evidence of copying is relevant to liability as an objective indicia of non-obviousness (an aspect of validity) and is also relevant to willfulness. *See, e.g., Bott v. Four Star Corp.*, 807 F.2d 1567, 1572 (Fed. Cir. 1986). Bifurcation is inappropriate when the issues are so inextricably interwoven that it is impossible or at least manifestly unfair to the plaintiff to bifurcate. *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931).

The same factors that have prompted courts to reject motions to bifurcate trial into liability and willfulness, including an overlap in evidence, support denial of the defendants' motion to stay all discovery on the issue of willfulness.

### D.   Basic Principles and The Defendants' Prior Conduct Disfavor a Stay

The defendants' motion is contrary to the basic principles permitting broad discovery and is unfortunately consistent with their prior actions to resist compliance with those principles. "The Federal Rules of Civil Procedure provide for liberal discovery." *Saitta v. Hammerstone*, 2003 U.S. Dist. LEXIS 12578, *3 (E.D. Pa. 2003) (citing *Pacitti v. Macy's*, 193 F.3d 766 (3d Cir. 1999)). In general, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The defendants continue to shirk their responsibilities under these broad discovery rules.

Once again, now invoking one of the more common debates that pervades patent litigation, the defendants seek to block the attempts of LPI to obtain discovery. The defendants' unilateral refusal to respond to discovery requests previously prompted a motion to compel, resulting in this Court's Order which required the defendants to answer certain discovery requests. *See* Court's Memorandum of February 18, 2004, at pages 7-8. LPI does not at this point seek discovery of the defendants' privileged communications. The defendants' motion to stay all discovery on the issue of willfulness is, at best, over-inclusive and is certainly unnecessary.

### E.   Conclusion

Neither of the two reasons offered by the defendants to support their motion to stay all discovery on the issue of willfulness does so. Moreover, even a limited stay granting the defendants' motion to the extent of staying discovery only with regard to the defendants' legal opinions, and not with respect to any of the remaining willfulness factors, is

unnecessary. The defendants may simply assert the attorney-client privilege with respect to the legal opinions. Therefore, LPI asks that the Court deny entirely the defendants' motion.

Dated: June 1, 2004

Respectfully submitted,

*/s/ Kevin R. Casey*

Kevin R. Casey, PA Bar No. 58,083
RATNERPRESTIA
Suite 301
One Westlakes, P.O. Box 980
Valley Forge, PA 19482
(610) 407-0700 (telephone)
(610) 407-0701 (facsimile)

Michael A. O'Neil, TX Bar No. 15285000
Kevin Nash, TX Bar No. 14811100
Justin B. Kimble, TX Bar No. 24036909
MICHAEL A. O'NEIL, P.C.
5949 Sherry Lane, Suite 820
Dallas, TX 75225
(214) 739-0088 (telephone)
(214) 739-8284 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE LAUGHLIN PRODUCTS, INC., PATENT LITIGATION | MDL Docket No. 1498<br><br>ALL CASES<br><br>Judge Michael M. Baylson |

### ORDER

This matter having been brought before the Court by Morgan, Lewis & Bockius, LLP, attorneys for Defendants, for an Order staying discovery on willfulness, and the Court, having considered the motion;

It is, therefore, ORDERED that Defendants' Motion to Stay Discovery on Willfulness is DENIED.

Dated: _____

UNITED STATES DISTRICT JUDGE