UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Laughlin Products, Inc. Patent Litigation | MDL Docket No. 1498 |
| | ALL CASES |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO STAY DISCOVERY ON WILLFULNESS**

**I.      INTRODUCTION**

In its opposition to Defendants' Motion to Stay Discovery on Willfulness ("Opposition"), Plaintiff concedes that Defendants need not decide whether to allow discovery relating to privileged communications at this time. Opp. at 8 (Plaintiff agrees postponement of discovery relating to privileged communications until some unspecified "point, later during discovery" is appropriate). Therefore, the parties agree that the Court should stay discovery on issues relating to Defendants' privileged communications for at least some period. The only remaining issue for the Court is the duration of the stay, in light of the Federal Circuit's pending en banc review of the decisions in Knorr-Bremse Systeme Fuer Nutzhahrzeuge GmbH v. Dana Corp., 133 F. Supp.2d 833 (E.D. Va. 2001); 133 F. Supp.2d 843 (E.D. Va. 2001); Civil Action No. 00-803-A (E.D. Va Mar. 7, 2001); Civil Action No. 00-803-A (E.D. Va. Apr. 9, 2001).

To the extent that the Court concludes that it must address now the issue of the duration of the stay on discovery directed to Defendants' privileged communications, such discovery, if allowed, will unfairly prejudice Defendants because they face the Quantum dilemma of either waiving the attorney-client privilege or risking a finding of willful infringement described by the Federal Circuit in Quantum Corp. v. Tandon Corp., 940 F.2d 642 (Fed. Cir. 1991). Accordingly, Defendants should not be required to elect whether to waive the attorney-client privilege until they can make a fully-informed decision following the issuance of

the en banc Knorr-Bremse decision. This decision will decide the legal standard of willfulness that will apply to the trials of these actions.

Until the Federal Circuit issues its decision, the case law regarding willfulness will remain uncertain, and more importantly, the case law that will govern any claims of willfulness at this trial will remain uncertain. Therefore, discovery related to privileged communications should be stayed at least until Knorr-Bremse is decided, particularly here where there is no prejudice to Plaintiff.

Finally, a substantial portion of Plaintiff's Opposition is dedicated to the issue of bifurcation of a trial. This issue is not presently before the Court. Because Defendants are not seeking bifurcation of the trial at this time, the issue of bifurcation need not be decided now. In fact, it would be premature for the parties to address bifurcation of the trial on the issue of willfulness before the parties have engaged in substantial discovery.

## II.    ARGUMENT

### A. Because Defendants Face the Quantum Dilemma, Discovery Relating To Privileged Communications Is Properly Stayed Until The Federal Circuit's Decision In Knorr-Bremse.

#### 1. Plaintiff mischaracterizes the Quantum dilemma, to avoid its application to the present circumstances.

In their attempt to avoid a stay of discovery relating to privileged communications pending the Federal Circuit's decision in Knorr-Bremse, Plaintiff mischaracterizes the so-called "Quantum dilemma" as one where a defendant is forced to decide whether to assert the attorney-client privilege or waive the privilege by producing the opinion of counsel to avoid a willfulness dilemma "if and only if the privileged documents which might bolster its willfulness defense also contains its trial plans." Opp. at 2 (emphasis added). This is not the law. The Federal Circuit has held that a defendant faces the Quantum dilemma whenever it must decide whether to waive

2

the privilege when otherwise privileged documents that would have to be disclosed if an opinion of counsel is relied upon <u>contain potentially prejudicial material</u> or to assert the privilege and face an adverse inference with respect to the issue of willfulness. See <u>Quantum Corp. v. Tandon Corp.</u>, 940 F.2d at 643-44. The Federal Circuit has never held that the privileged communications must contain a defendant's trial plans in order to create a <u>Quantum</u> dilemma. <u>Id</u>.

In the present case, Defendants' privileged communications contain potentially prejudicial material that Plaintiff could attempt to misuse, as evidenced by the opinion submitted to the Court for <u>in camera</u> review and as set forth in the Memorandum of Law in Support of the Defendants' Motion to Stay Discovery on Willfulness ("Defendants' Memorandum").[1] Therefore, Defendants face the proverbial <u>Quantum</u> dilemma.[2]

### 2. The Federal Circuit's impending decision in **Knorr-Bremse** may substantially alter or eliminate the **Quantum** Dilemma.

In a further effort to avoid a stay pending the Federal Circuit's decision in <u>Knorr-Bremse</u>, Plaintiff argues that the decision is irrelevant because it is unlikely to "eliminate the <u>Quantum</u> dilemma" that Defendants are facing. Opp. at 4. This argument is specious. As explained above, a defendant faces the <u>Quantum</u> dilemma if it must decide whether to waive the privilege when otherwise privileged documents that would have to be disclosed if an opinion of counsel is relied upon may contain potentially prejudicial statements <u>or to assert the privilege and face an adverse inference and risk being found a willful infringer</u>. See <u>Quantum Corp.</u>, 940

---

[1] To the extent that the Court requires further explanation of this point, Defendants are prepared to make an <u>in camera</u> submission to preserve the protections of privilege.

[2] Even assuming that privileged communications must contain trial plans to create a <u>Quantum</u> dilemma (which is not true), a stay is still appropriate in this case. As set forth in Defendants' Memorandum, the communications in question identify at least one valid defense to each claim of the patents at issue. At this juncture, there is certainly no reason to believe that Defendants will raise less than all of their valid defenses to Plaintiff's claims during trial, including any defenses set forth in the privileged communications that Plaintiff is trying to access.

F.2d at 643-44 (stating that "[a]n accused infringer, therefore, should not, without the trial courts careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, <u>and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found</u>") (emphasis added).

As Plaintiff's Opposition admits (Opp. at 4), all of the issues before the Federal Circuit in <u>Knorr-Bremse</u> involve the circumstances under which a finder of fact is permitted to draw an adverse inference with regard to willful infringement. If, for example, the Federal Circuit (1) decides to eliminate the adverse inference that may be drawn from invoking the attorney-client privilege, or (2) in the alternative, holds that a substantial defense to infringement will defeat a claim of willful infringement, then a defendant accused of willful infringement will be able to invoke the attorney-client privilege without subjecting itself to an adverse inference and the heightened risk of being found to be a willful infringer. Accordingly, the Federal Circuit's decision in <u>Knorr-Bremse</u> will substantially affect the Defendants in this case because the decision may alter or eliminate completely the <u>Quantum</u> dilemma that Defendants are facing.

This is significant for obvious reasons. Unlike other decisions, the decision to waive the attorney-client privilege cannot be undone. As a result, if Defendants waive the attorney-client privilege based on case law that is subsequently altered or reversed by the Federal Circuit in <u>Knorr-Bremse</u>, it is impossible to put Defendants back in their original position had they not waived the privilege under the post-<u>Knorr-Bremse</u> law. Once the privileged materials have been disclosed, Defendants cannot put the privileged "toothpaste back in the tube." Accordingly, fairness dictates postponing discovery relating to the privileged communications

until after the Knorr-Bremse decision so Defendants can make a fully-informed decision about whether they should waive the protection of the attorney-client privilege.

Equally without merit is Plaintiff's argument that "[i]t would only be the most confident and risk-tolerant defendant, indeed, who would withhold evidence (the privileged opinion) helpful to its defense even if no adverse inference arises and other evidence might be sufficient to defeat liability." Opp. at 5 (emphasis in original). Not only is this argument pure speculation, it also ignores the fact that there would not be a Quantum dilemma under such circumstances because the Quantum dilemma only arises when a defendant is forced to waive the privilege or suffer an adverse inference. Under this scenario, a defendant could invoke the privilege without any adverse inference. As Plaintiff's counsel well knows, parties routinely invoke privileges in litigation without any negative ramifications.[3]

> **3. Plaintiff will not suffer any prejudice by staying discovery relating to privileged communications until the Federal Circuit's impending decision in Knorr-Bremse.**

It bears mention that Plaintiff has not established, much less articulated, any prejudice that it will suffer from staying discovery on the privileged communications pending a decision in the Knorr-Bremse case. In fact, Plaintiff has specifically stated that it does not seek discovery on privileged communications at this time. In the absence of any prejudice to Plaintiff, and in view of the significant prejudice to Defendants resulting from the Quantum dilemma, the Court should stay discovery relating to the privileged communications until the law

---

[3] Plaintiff argues that it should be permitted to take discovery on willfulness issues unrelated to privileged communications, such as intentional copying and the rejection of a license offer "out of hand." Opp. at 6-8. Defendants are willing to permit discovery only on willfulness issues that are unrelated to privileged communications. However, Defendants note that Plaintiff's suggestion that only one of the willfulness factors relates to privileged communications is wrong. E.g., Opp. at 6-7 (citing factors, contrary to Plaintiff's position, relating to privileged communications, including "failing to determine 'the scope of the patent to form a good-faith belief that it was invalid or not infringed,'" "failure to obtain competent legal advice," "using a legal opinion as a 'protective device' or as a 'shield,'" rather than as a 'genuine basis for decision-making,'" and "a reasonable, good faith attempt to 'design around' another's patent").

5

regarding willful infringement is clarified by the Federal Circuit's <u>en banc</u> decision in <u>Knorr-Bremse</u>.

    **B.**  **<u>Defendants Are Not Seeking Bifurcation Of The Trial At This Time.</u>**

    Lastly, Plaintiff devotes a substantial portion of its brief to the issue of bifurcation of a trial on the merits, arguing that Defendants are "really seeking bifurcation of the ultimate trial between the issues of liability and willfulness." Opp. at 8. This is incorrect. The issue of bifurcation is not before the Court. Indeed, it is premature to determine whether bifurcation of the trial on willfulness is appropriate at this time. Thus, both Plaintiff and Defendants agree that bifurcation of the trial should be addressed "much later," Opp. at 8, and therefore, the Court need not address the issue of bifurcation at this time.

**III.**  **CONCLUSION**

    Accordingly, Defendants respectfully requests that the Court stay discovery on all issues relating to Defendants' privileged communications pending the <u>en banc</u> decision of the United States Court of Appeals for the Federal Circuit in <u>Knorr-Bremse</u>.

DATED: June 10, 2004        /s/ Deborah Prisinzano Mikkelsen
                    Paul D. Weller I.D. No. 61175
                    J. Kevin Fee I.D. No. 81715
                    Deborah Prisinzano Mikkelsen I.D. No. 89326
                    MORGAN, LEWIS & BOCKIUS, LLP
                    1701 Market Street
                    Philadelphia, PA  19103
                    215.963.5000

                    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a copy of Defendants' Reply Memorandum of Law in Further Support of Defendants' Motion to Stay Discovery on Willfulness to be filed electronically and are available for viewing and downloading from the Electronic Case Filing System, for the following counsel who have consented to electronic service:

> Michael A. O'Neil
> Justin B. Kimble
> MICHAEL A. O'NEIL, P.C.
> 5949 Sherry Lane
> Suite 820
> Dallas, TX 75225
>
> Kevin R. Casey
> RATNER PRESTIA
> Suite 301
> One Westlakes, P.O. Box 980
> Valley Forge, PA 19482

I hereby certify that on this date, I caused a copy of Defendants' Reply Memorandum of Law in Further Support of Defendants' Motion to Stay Discovery on Willfulness to be served upon the following counsel in the following manner:

**VIA FACSIMILE AND FIRST CLASS MAIL**

> Peter J. Boyer
> MCCARTER & ENGLISH, LLP
> Mellon Bank Center
> 1735 Market Street, Suite 700
> Philadelphia, PA 19103
>
> George D. Moustakas
> HARNESS, DICKEY & PIERCE, P.L.C.
> 5445 Corporate Drive
> Troy, MI 48098

DATED: June 10, 2004                              /s/ Deborah Prisinzano Mikkelsen