UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Laughlin Products, Inc. Patent Litigation | MDL Docket No. 1498<br><br>ALL CASES |

### DEFENDANTS' MOTION TO STAY DISCOVERY AS TO ALL DEFENDANTS EXCEPT HOLLYWOOD TANNING SYSTEMS, INC. AND HOLLYWOOD TANS, INC.

Defendants, by their attorneys, Morgan, Lewis & Bockius LLP, hereby move to stay discovery as to all the Defendants except Hollywood Tanning Systems, Inc. and Hollywood Tans, Inc. pursuant to Federal Rule of Civil Procedure 26. In support of their motion, Defendants incorporate the attached memorandum of law.

DATED: June 17, 2004

_____
Paul D. Weller I.D. No. 61175
J. Kevin Fee I.D. No. 81715
Deborah Prisinzano Mikkelsen I.D. No. 89326
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Laughlin Products, Inc. Patent Litigation | MDL Docket No. 1498<br><br>ALL CASES |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STAY DISCOVERY AS TO ALL DEFENDANTS EXCEPT
HOLLYWOOD TANNING SYSTEMS, INC. AND HOLLYWOOD TANS, INC.

DATED: June 17, 2004

Paul D. Weller
J. Kevin Fee
Deborah Prisinzano Mikkelsen
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5000

Attorneys for Defendants

I. **INTRODUCTION**

Plaintiff Laughlin Products, Inc. ("LPI") has filed a series of patent infringement actions against Hollywood Tanning Systems, Inc. ("HTS") and more than 40 of its franchisees, resellers and customers (collectively "Defendants"), alleging that Defendants willfully infringed U.S. Patent Nos. 5,922,333 and 6,298,862. Pursuant to 28 U.S.C. § 1407, by Order dated January 9, 2003, the Judicial Panel on Multi-District Litigation transferred each civil action to this Court for coordinated and consolidated pretrial proceedings.

To conserve resources and avoid duplicative and cumulative discovery, the parties had previously agreed to limit the number of defendants participating in discovery. LPI, however, has now refused to agree to either the number of defendants or the identity of the defendants that should participate in discovery. Because the parties are at an impasse, Defendants are now seeking the Court's intervention to limit, from the more than 40 defendants, those that will be subject to discovery, and to stay discovery with respect to the remaining defendants.

II. **BACKGROUND**

Following the consolidation of the series of civil actions, the Court immediately contemplated the designation of a "lead franchisee" to participate in discovery. See Pretrial Order No. 1 dated January 31, 2003. Thereafter, the Court has repeatedly expressed a preference for proceeding with discovery against one, two or at most three lead defendants. See, e.g., 1/30/04 Hearing Tr. at 62 (indicating that the lead defendant "would be somebody who the defendant would designate. Or maybe you [the plaintiff] would pick one – the plaintiff would pick one and the defendant would pick one"); 4/22/04 Hearing Tr. at 39 ("I think I have the right to require discovery to go forward only as to some parties and that I can stay discovery as to other parties…. I see no need why every franchisee has to participate in discovery.").

At the Court's direction, the parties discussed the selection of lead defendants. On April 23, 2004, LPI proposed selecting the various franchisees owned by Ralph Venuto, Jr., Carol Venuto and Robert Johnson and Dolly McShain as the lead defendants. HTS objected to the proposal because it included Carol Venuto, an individual <u>not</u> a defendant in any civil action, and encompassed more than ten franchisees.

After evaluating HTS' objections, on April 28, 2004, LPI revised its position and proposed selecting Heartland Tanning Systems, Inc. ("Heartland"), Sunseeker of Sunrise, Inc. ("Sunseeker") and HT Tans, Inc. ("HTTI"), franchises owned by Robert Johnson and Dolly McShain, and Hollywood Tans, Inc. ("HTI"), a franchise owned by Ralph Venuto, Jr., as lead defendants. Again, HTS objected to LPI's proposal as inefficient and unnecessary and reiterated proceeding as the Court had suggested, that is, with no more than a handful of lead defendants. To that end, HTS proposed HTS and HTI as the lead defendants.

Unfortunately, LPI rejected this proposal. And without regard to the Court's prior direction, on May 3, 2004, LPI unilaterally faxed discovery requests[1] directed to six defendants, HTS, HTI, Heartland, Sunseeker, HTTI, and Segler Enterprises, Inc. ("Segler").[2]

Apparently recognizing that its position was unreasonable, LPI subsequently proposed that discovery be limited to HTS, HTI, Heartland, and Segler. HTS objected to this proposal as inefficient and a waste of resources because this subjected four defendants to the same, duplicative discovery.

---

[1] Contrary to the Federal Rules of Civil Procedure, LPI initially attempted to serve discovery via facsimile. LPI did not effectuate service until May 18, 2004, when it served the discovery requests via first-class mail.

[2] LPI failed to include the discovery directed to Segler in its initial facsimile transmission. LPI did not properly serve discovery directed to Segler until May 18, 2004 when it served its discovery via first-class mail.

2

On June 2, 2004, HTS, HTI, Heartland, Sunseeker, HTTI, and Segler objected formally to LPI's previously-served discovery requests on the six defendants. On June 10, 2004, in response, LPI threatened Defendants with a motion to compel and sanctions. When Defendants explained the basis for their objections (e.g., the absence of a signed protective order and the dispute over the lead defendants), LPI responded that it was entitled to discovery from any defendant, regardless of the selection of lead defendants. This, of course, ignored the prior statements by the Court that discovery should be limited to a discrete number of defendants.

Although LPI now refuses to agree on which defendants should participate in discovery, the parties had previously agreed that discovery should be limited to a handful of defendants. Accordingly, Defendants have filed the instant motion asking for the Court's intervention in selecting lead defendants to participate in discovery, and to stay discovery with respect to the remaining defendants.

## III. ARGUMENT

### A. Legal Standard.

Rule 26(b) of the Federal Rules of Civil Procedure provides that the parties may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). However, "discovery has limits, and ... these limits grow more formidable as the showing of need decreases." United Air Lines, Inc. v. United States, 26 F.R.D. 213 (D. Del. 1960) (citing Hickman v. Taylor, 329 U.S. 495 (1947)). The Court may alter the limits of discovery if "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(i). Rule 26(c) of the Federal Rules of Civil Procedure further provides that the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery may be had only on specified terms and conditions, including designation

3

of the time or place." Fed. R. Civ. P. 26(c)(2). Indeed, it is well established that the scope and conduct of discovery are within the sound discretion of the trial court. Borden Co. v. Sylk, 410 F.2d 843, 845 (3d Cir. 1969). In its sound discretion, the Court may adapt and limit the scope and conduct of discovery "as the necessities of a particular case require in order to achieve the benign purposes" of discovery. Wright, Miller, and Marcus, Federal Practice and Procedure: Civil 2d § 2036 at 489 (2d ed. 1994).

Because discovery of Heartland, Sunseeker, HTTI, and Segler, as well as the remaining defendants, would be unreasonably cumulative and/or duplicative, the Court should limit the scope and conduct of discovery to HTS and HTI, two defendants in actions that may be tried before this Court.

### B.    Resources Will Be Conserved By Limiting Discovery To HTS And HTI.

Limiting discovery to two defendants, namely HTS and HTI, will conserve the resources of both the judicial system and the parties. By limiting discovery to two defendants, cumulative and duplicative discovery will be eliminated, thereby alleviating the burden on the parties as well as the Court. Furthermore, because venue and jurisdictional requirements are satisfied in this district for the civil actions against HTS and HTI, HTS and HTI should serve as the lead defendants.

To require Heartland, Sunseeker, HTTI, and Segler to participate in discovery in addition to HTS and HTI would be unduly burdensome, and increase written discovery, inspections and depositions exponentially, while resulting duplicative information. However, limiting discovery to two defendants will substantially reduce cumulative written discovery and corresponding responses, as well as the number of inspections and depositions, while providing the necessary information relevant to the claims and defenses asserted in the litigation.

It also bears mention that LPI has never identified specific information which can be obtained only from either Heartland, Sunseeker, HTTI, and/or Segler that is necessary to try the civil action against HTS and/or HTI. As such, discovery limited to HTS and HTI will be more efficient and cost effective, and conserve the resources of the parties.

Likewise, limiting discovery to HTS and HTI will conserve the Court's resources. At the conclusion of the pretrial proceedings, this Court will be familiar with the issues and the status of the litigation, and therefore, a civil action that can properly be tried in this Court will more likely proceed to a final adjudication faster than a civil action in which the lead franchisee is not subject to trial in this Court.

In contrast, the selection of Heartland, Sunseeker, and/or Segler would unduly burden both the judicial system and the parties. For example, if Heartland were selected to be the lead defendant, the civil action against Heartland must be remanded to the Western District of Missouri for trial. See 28 U.S.C. § 1407(a) (stating that "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred").[3] Such a remand would burden the judicial system by requiring a duplication of efforts. Following remand, the district judge in the Western District of Missouri would be required to familiarize himself or herself with the issues and status of the litigation, a litigation this Court would already be familiar with from its coordination of pretrial proceedings. The unavoidable delay following remand would similarly burden the parties with protracted litigation and belated adjudication.

---

[3] Section 1407(a) dictates that a civil action "shall be remanded" at or before the conclusion of pretrial proceedings. 28 U.S.C. § 1407(a). In view of this mandatory provision, as well as venue and jurisdictional requirements, see e.g., 28 U.S.C. § 1391, the burden of remand cannot be alleviated by remanding any civil actions to this Court, except those civil actions that were originally filed in this Court.

Accordingly, discovery should proceed with the participation of HTS and HTI, two defendants that may be tried in this Court, and should be stayed with respect to the remaining defendants.

### C. LPI Will Not Be Prejudiced By Limiting Discovery To HTS And HTI.

Although the majority of defendants will not be participating in discovery, LPI will have every opportunity to discover information relevant to asserted claims and defenses. Accordingly, limiting discovery to HTS and HTI will not prejudice LPI.

Indeed, all information regarding the design, development, manufacturing, marketing and sales of the accused product and system may be discovered directly from HTS.[4] Furthermore, HTI will provide a representative sample of alleged damages resulting from the commercial use of the accused product and system. The only information provided exclusively by the remaining defendants, relating to infringement and damages, will be unique to each defendant and therefore, only relevant to the single civil action in which that defendant is named, and will not be relevant to the remaining cases. Therefore, the minimal discovery required for each individual defendant may be conducted following remand in each separate civil action.

Rather than prejudice LPI, a stay of discovery with respect to all defendants except HTS and HTI will ensure that the litigation proceeds efficiently and without unnecessary burdens on either side. With the participation of HTS and HTI in discovery, LPI will have the ability to discover all information relevant to the asserted claims and defenses, while conserving resources at the same time.

---

[4] In the context of class actions, discovery of absent class members is generally not permitted when the information is available from the class representative. See Transamerican Refining Corp. v. Dravo Corp., 139 F.R.D. 619, 621 (S.D. Tex. 1991) (stating that the "majority of courts considering the scope of discovery against absent class members granted discovery (1) where the information is relevant to the decision of common questions, (2) when the discovery requests are tendered in good faith and are not unduly burdensome and (3) when the information is not available from the class representative").

## IV. CONCLUSION

Defendants respectfully request that the Court stay discovery as to all defendants except Hollywood Tanning Systems, Inc. and Hollywood Tans, Inc.

DATED: June 17, 2004

Paul D. Weller I.D. No. 61175
J. Kevin Fee I.D. No. 81715
Deborah Prisinzano Mikkelsen I.D. No. 89326
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5000

Attorneys for Defendants

---

Similarly, in the instant case, where the information is available from HTS and HTI, discovery from the remaining defendants should not be permitted.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused copies of Defendants' Motion to Stay Discovery as to All Defendants Except Hollywood Tanning Systems, Inc. and Hollywood Tans, Inc., Memorandum of Law in Support of Defendants' Motion to Stay Discovery As To All Defendants Except Hollywood Tanning Systems, Inc. and Hollywood Tans, Inc., Certificate of Good Faith Effort and a Proposed Order to be served upon the following counsel in the following manner:

**VIA OVERNIGHT COURIER**

Michael A. O'Neil
Kevin Nash
Justin Kimble
MICHAEL A. O'NEIL, P.C.
5949 Sherry Lane
Suite 820
Dallas, TX 75225

Kevin R. Casey
RATNER PRESTIA
Suite 301
One Westlakes, P.O. Box 980
Valley Forge, PA 19482

Peter J. Boyer
MCCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

George D. Moustakas
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive
Troy, MI 48098

DATED: June 17, 2004

_____
Paul D. Weller

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Laughlin Products, Inc. Patent Litigation | MDL Docket No. 1498<br><br>ALL CASES |

### CERTIFICATE OF GOOD FAITH EFFORT

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule of Civil Procedure 26.1(f), I certify that on numerous occasions I conferred with Justin B. Kimble in good faith to select lead defendants in the instant litigation however, Mr. Kimble and I were unable to reach an agreement. On May 20, 2004, I again requested that Mr. Kimble consent to stay discovery as to all defendants except Hollywood Tanning Systems, Inc. and Hollywood Tans, Inc. in a good faith effort to resolve this dispute. Mr. Kimble refused to consent to such a stay.

DATED: June 17, 2004

_____
J. Kevin Fee

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Laughlin Products, Inc. Patent Litigation | MDL Docket No. 1498 |
| | ALL CASES |

## ORDER

AND NOW, this _____ day of _____, 2004, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery as to All Defendants Except Hollywood Tanning Systems, Inc. and Hollywood Tans, Inc. is **GRANTED**.

With the exception of Hollywood Tanning Systems, Inc. and Hollywood Tans, Inc., Defendants shall not be required to respond to any discovery until otherwise ordered by the Court.

The Honorable Michael M. Baylson
United States District Court