**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE LAUGHLIN PRODUCTS, INC.**<br>**PATENT LITIGATION** | **MDL Docket No:  1498** |
| | |
| **IN RE LAUGHLIN PRODUCTS, INC.**<br>**MAGIC TAN PATENT LITIGATION** | **MDL Docket No:  1594** |

### STIPULATION AND ORDER REGARDING DISCOVERY DIRECTED TO WILLFULNESS

Pursuant to Paragraph 3 of the Order dated July 19, 2004, and issued by the Court following a pretrial conference with counsel on July 16, 2004 (the "Court's Order"), counsel for the parties have conferred and agree to proceed with discovery on the issue of willfulness as follows:

1.    Subject to any relevant limitations imposed on discovery by the Court's Order in Paragraphs 1 and 2, or by any other Court order, the defendants named in paragraphs 4 through 54 of the Third Amended Complaint filed in In re Laughlin Products, Inc. Patent Litigation, MDL Docket No. 1498 (collectively referred to as "HTS Patent Defendants") and the defendants named in cases that have been consolidated into MDL Docket No. 1594 (collectively referred to as "Magic Tan Patent Defendants"), will produce all non-privileged documents relating to willfulness by August 13, 2004.  To the extent additional non-privileged documents relating to willfulness are discovered, the HTS Patent Defendants and Magic Tan Patent Defendants will supplement their production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

2.    The HTS Patent Defendants and Magic Tan Patent Defendants will list all documents relating to willfulness that are being withheld from discovery based on attorney-client privilege, work product doctrine, or any other applicable privilege, on a Privilege Log to be provided to the Plaintiffs by August 25, 2004.

3.    The HTS Patent Defendants and Magic Tan Patent Defendants will decide whether or not to rely on advice of counsel in defense to allegations of willful infringement, , and shall move the Court with respect to this issue, or take any other appropriate action , by the earlier of: (1) two weeks following publication by the U.S. Court of Appeals for the Federal Circuit of its en banc opinion in the case of <u>Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmBH v. Dana Corp.</u>, 344 F.3d 1336 (Sept. 26, 2003); or (2) four months before the Court's first scheduled trial date, but in any event, no decision must be made any earlier than four weeks prior to the close of fact discovery.  Should the HTS Patent Defendants and Magic Tan Patent Defendants decide to rely on advice of counsel and waive the protection of privilege

and disclose to the Plaintiffs all documents relating to willfulness, at whatever time, the Plaintiffs shall have a reasonable period--to be decided by the parties with intervention by the Court, if necessary, but not less than one month--to conduct further discovery related to the then-produced documents.

4.    The HTS Patent Defendants and Magic Tan Patent Defendants reserve the right to file a motion with the Court asking that the trial be bifurcated, with the issue of willfulness addressed only after liability is established.  If the Court decides to so bifurcate the trial, then discovery on willfulness would also be bifurcated from the remainder of discovery, and willfulness discovery will be conducted in accordance with any Order from the Court.

**Signed:**

8/27/04
_____
Date

**Paul D. Weller**
**David W. Marston, Jr.**
**Deborah Prisinzano Mikkelsen**
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA  19103
Phone: (215) 963-5000

**FOR THE HTS PATENT DEFENDANTS**

9/3/04
_____
Date

**George D. Moustakas**
**David A. McClaughry**
Harness, Dickey & Pierce, P.L.C.
5445 Corporate Drive
Troy, MI  48098
Phone: (248) 641-1600

**FOR THE MAGIC TAN PATENT DEFENDANTS**

9/13/04
_____
Date

**Michael A. O'Neil**
**Kevin Nash**
**Justin B. Kimble**
Michael A. O'Neil, P.C.
5949 Sherry Lane, Suite 820
Dallas, TX  75225
Phone: (214) 739-0088

**FOR THE PLAINTIFFS**

So Ordered.

_____
Michael M. Baylson
United States District Judge